IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DENVER W. BLEVINS, )
)
        Plaintiff, )
)
v. ) 1:19CV558
)
RANDOLPH COUNTY LAW )
ENFORCEMENT, et al., )
)
        Defendant(s). )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Denver W. Blevins, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Plaintiff names "Randolph County Law Enforcement" and three North Carolina prison officials as Defendants in the case. He alleges that they and others have engaged in a years-long and wide-ranging conspiracy to keep him wrongfully imprisoned on a rape conviction. He claims that, on January 1, 2007, prison officials not named in this action used two other inmates to steal his identity, alienate him from his wife, and create false records showing his wife to be his victim. They and others then began using these allegedly false records to prolong his sentence by denying his parole and denying certain custody promotions. In support of this, he attaches a document showing a series of prison disciplinary convictions for unwanted communications with a victim, the last of which occurred in 2010. Plaintiff apparently claims that these were communications with his wife, and Plaintiff claims that the disciplinary convictions are being used against him for parole and promotion purposes.

Plaintiff then goes on to allege that his conviction in 1994 was wrongful, that he received ineffective assistance of counsel at trial, that the prosecutor in the case committed misconduct, that the trial court made errors, that he received ineffective assistance of counsel on appeal, that various prison officials tampered with his mailings between 1996 and 2013, and that he is being abused and harassed by prison officials based on the allegedly false records. Plaintiff states that he has been injured because he has been isolated from the courts and his wife. For relief, he seeks removal and correction of the "false records," removal of allegedly false information concerning his crime from Randolph County records, and an appeal in his criminal case.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

As to the first basis for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon

2

the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted).

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1] In addition, the Court may anticipate affirmative defenses which are clear on the face of the complaint. Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

3

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it is frivolous and because it fails to state a claim on which relief may be granted.

As an initial matter, most of Plaintiff's claims attempt to undermine his conviction or sentence for rape and his prison disciplinary convictions for unwanted communications. Plaintiff may not do so without first showing that such convictions have been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or, finally, called into question by a federal court through the issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff fails to do so and, therefore, dismissal is proper for this reason alone.

Further, to any extent Plaintiff's claims are not barred by Heck, the application of the appropriate statute of limitations is an affirmative defense that the Court may consider in this context. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655-56 (4th Cir. 2006) (citing Nasim, 64 F.3d at 955). The statute of limitations in this case is three years. See Wilson v. Garcia, 471 U.S. 261, 276-80 (1985) (holding that, in section 1983 actions, state statute of limitations for personal injury applies); Brooks v. City of Winston Salem, 85 F.3d 178, 181 (4th Cir. 1996) (applying North Carolina's three-year statute of limitations for personal injuries to section 1983 actions); N.C. Gen. Stat § 1-52 (establishing three-year statute of limitations for personal injury). A plaintiff's cause of action accrues, and the statute of limitations runs, from the date on which he "possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim, 64 F.3d at 955. Here, Plaintiff's claims involve his criminal conviction in the mid-1990s, an

4

alleged theft of his identity and falsification of records that occurred in 2007, and prison disciplinary convictions occurring at the latest in 2010. He filed this Complaint approximately nine years after the latest of these events. He also claims that prison officials interfered with his mailings as late as 2013, but even this occurred about six years prior to the Complaint. Therefore, any claims not barred by Heck are time barred.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be authorized, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment. However, as Plaintiff notes, he submitted a $400.00 filing fee in a prior case, 1:16CV1208, which the Court dismissed without prejudice. The Court ordered that the fee be returned to Plaintiff. However, the fee was returned to the Court twice due to an incorrect address. Given Plaintiff's filing of the current case, the Court will apply the prior fee to this action and no further payment will be ordered.

IT IS THEREFORE ORDERED that *in forma pauperis* status is denied and that the Clerk apply the payment made by Plaintiff in conjunction with case 1:16CV1208 to the present case, 1:19CV558.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for being frivolous and for failing to state a claim upon which relief may be granted.

This, the 1st day of November, 2019.

                                                      /s/ Joi Elizabeth Peake
                                              United States Magistrate Judge